Kenneth Sherman, SBN 152777
sherman@masiplaw.com
Joshua A. Schaul, SBN 251337
schaul@masiplaw.com
MYERS ANDRAS SHERMAN, LLP
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612
(949) 223-9600   FAX (949) 223-9610

James A. McQueen, SBN 117111
jmcqueen@mcqueenashman.com
Sharon L. Bilbeisi, SBN 171994
sbilbeisi@mcqueenashman.com
McQUEEN & ASHMAN LLP
19900 MacArthur Blvd., Suite 1150
Irvine, California 92612
(949) 223-9601   FAX (949) 223-9611

Attorneys for Plaintiff, American DJ Supply, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN DJ SUPPLY, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>V2GO TECHNOLOGY CORPORATION, an entity of unknown form, AMERICAN AUDIO LABORATORY, INC., a California corporation, WAL-MART STORES, INC., a Delaware corporation, LASER KARAOKE, INC., an Ohio corporation dba KARAOKE WAREHOUSE, aka KARAOKE JUKEBOX, aka KARAOKEWH.COM, and DOES 1 through 10,<br><br>Defendants. | Case No. CV10-00299 RSWL (RCx)<br><br>~~[PROPOSED]~~ PROTECTIVE ORDER |

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, Plaintiff, AMERICAN DJ SUPPLY, INC., Defendant, V2GO

MYERS ANDRAS SHERMAN LLP
McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

1

PROTECTIVE ORDER

1  TECHNOLOGY CORPORATION, Defendant, AMERICAN AUDIO
2  LABORATORY, INC., Defendant, WAL-MART STORES, INC., and Defendant,
3  LASER KARAOKE, INC., (collectively, "the Parties") hereby agree that in the
4  course of this litigation disclosure may be sought of information which a party or
5  non-party considers to be of a confidential, trade secret, and/or proprietary nature;
6  and there is a need to establish a mechanism to protect the disclosure of such
7  confidential, trade secret, and/or proprietary information in this action and that it be
8  used solely in connection with the litigation;

9      The Parties hereby agree that the following terms shall govern the disclosure
10 and use of confidential, trade secret, and/or proprietary information provided in
11 discovery in this action, and any related proceedings or appeals of this action, by
12 any party or third party.

13 **I.   DEFINITIONS**
14     The following definitions apply in this protective order:
15     A.   The designation "CONFIDENTIAL" may be applied by a party
16 or third party to any type of information which that party or non-party believes in
17 good faith constitutes, contains, reveals, or reflects proprietary or confidential
18 financial, business, technical, personnel, or related information.
19     B.   "Protected Information" refers to all information which is
20 subject to the designation "CONFIDENTIAL" as described above.
21     C.   "Party" means every party to this action and every director,
22 officer, employee, and managing agent of every party to this action.
23     D.   "Non-Party" means every person or entity not a party to this
24 action that provides information, either testimonial or documentary, for use in this
25 litigation through discovery or otherwise.
26     E.   "Order" means this Protective Order.
27 //
28 //

MYERS ANDRAS SHERMAN LLP
McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

2
PROTECTIVE ORDER

## II. TERMS OF THE PROTECTIVE ORDER

### A. Materials subject to designation

All depositions, originals and copies of transcripts of depositions, exhibits, answers to interrogatories, response to requests for admissions, and all documents, materials, tangible things, and information obtained by inspection of files or facilities, by production of documents or by identification of documents previously gathered (hereinafter collectively referred to as "Information") maybe designated by the party or a third party producing the Information in conformity with the definitions set forth above.

### B. Persons having access to protected information

Except as provided in Paragraphs D and E below, Protected Information designated as "CONFIDENTIAL" and all Information derived therefrom (excluding such Information derived lawfully from an independent source) shall not be disclosed in any way to any person or entity other than counsel of record for a party, such counsel's staff, outside support, translation vendors, jury consultants (and those working for such consultants) retained by counsel of record (provided such vendors/consultants sign the Non-Disclosure Agreement attached hereto as Exhibit A), court reporters transcribing testimony in the case, the parties to this action, and the current employees of the respective Parties, and the Court subject to Local Rule 79-5.1.

Before disclosure of Protected Information to any person or entity other than counsel of record for a party, such counsel's staff, reporters transcribing testimony in the case, and the Court (and its staff), the person to whom such Information is to be disclosed shall execute and deliver to the attorney of record making the disclosure the Non-Disclosure Agreement attached hereto as Exhibit A. The attorney of record shall maintain the record of such executed Agreement until sixty (60) days following the final disposition of this matter. The recipients of all Protected Information shall use such Information only for the Purpose of this

MYERS ANDRAS SHERMAN LLP
McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

3

PROTECTIVE ORDER

1  litigation, and shall not directly or indirectly use such Information for any business,
2  financial, promotional, or any other purpose.

### C.  Disclosure to experts

Documents designated as "CONFIDENTIAL" may be shown to any expert, together with his or her clerical staff, who are retained by a party for the purpose of assisting with this litigation. Before disclosure to any such expert, the person to whom such information is to be disclosed shall execute the Non-Disclosure Agreement attached hereto as Exhibit A. The attorney or record shall maintain the record of such executed Agreement until sixty (60) days following the final disposition of this matter. The foregoing notwithstanding, any such expert who is an employee of a competitor of any of the parties (other than one of the parties) shall not be shown or otherwise given access to documents or information designated "CONFIDENTIAL", and any such expert that is an employee of any of the parties shall not be shown or otherwise give access to documents or information designated "CONFIDENTIAL". At least ten (10) days before disclosure of another party's Confidential Information or documents to an expert, the party seeking to make such disclosure shall identify the expert in writing to all other parties.

### D.  Requests for additional disclosure

If any counsel of record desires to disclose any information designated as "CONFIDENTIAL" to any person other than those permitted to have access under Paragraphs II B, C, and D here, that counsel shall first obtain the written consent of the party who designated the Protected Information (the "designated party") through such party's counsel of record or seek leave of Court to do so.

### E.  Challenges to the propriety of a CONFIDENTIAL designation

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made and a failure to do so shall not preclude a subsequent challenge. In the event that a party to this litigation disagrees at any stage of these

MYERS ANDRAS SHERMAN LLP
McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

4

**PROTECTIVE ORDER**

proceedings with the designation of information as Protected Information, the parties shall try first to resolve such dispute in good faith on an informal basis. If this dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, *after fully complying with Local Rule 37.*

### F. Modification of Protective Order and burden of proof

The Parties by written stipulation may provide for exceptions to this Order and any party may seek an order of this Court modifying this Order. This Order shall be without prejudice to any party to bring before the Court *after complying with Local Rule 37,* at any time the question of whether any particular Information is or is not in fact Protected Information. Upon such hearing, the party asserting Protective Information status shall have the burden of establishing the same.

### G. Manner of designating documents

i. Paper Media. Paper documents produced by a party may be designated as Protected Information by marking every page with the following legend: "CONFIDENTIAL".

ii. Non-Paper Media. Where Protected Information is produced in a non-paper media (e.g. video tape, audio tape, computer disks), the appropriate confidentiality designation as described in paragraph G(i) above should be placed on the media, if possible, and its container, if any, so as to clearly give notice of the designation. To the extent that any receiving party prints any of the Protected Information contained on the non-paper media, such printouts will be marked as described in paragraph G(i) above by the receiving party.

iii. Physical Exhibits. The confidentiality status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality designation as described in paragraph G(i) above.

iv. Original Files. In the case of original files and records produced for inspection, the designating party in advance of inspection need make no marking. For the purposes of inspection, all documents produced shall be

MYERS ANDRAS SHERMAN LLP
McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

5

PROTECTIVE ORDER

considered as marked "CONFIDENTIAL". Thereafter, upon selection of specified documents for copying by the inspecting party, the designating party shall, at the time the copies are produced to the inspecting party, mark as "CONFIDENTIAL" the copies of such documents that contain Protected Information.

    v.  Written Discovery Responses. In the case of Protected Information incorporated into answers to interrogatories or responses to requests for admission, the appropriate confidentiality designation described in paragraph G(i) above shall be placed on the first page of the document and on each answer or response that contains Protected Information.

    vi.  Depositions. Information disclosed at the deposition of a party or of one of its current or former officers, directors, employees, agents, or the party as Protected Information may designate independent experts retained by a party for purposes of this litigation. Such designation may be made at the deposition or by correspondence from counsel within fifteen (15) days of receipt of the transcript setting forth the portions that contain Protected Information. The Court Reporter shall designate the transcript or any part thereof "CONFIDENTIAL". During this pendency, all transcripts shall be treated as "CONFIDENTIAL". Once a designation has been made under this paragraph, each party shall prominently attach a copy of the appropriate designation as described in paragraph G(i) to the face of the transcript and each copy in its possession, custody, or control.

  **H.**  **Disclosure of Protected Information by receiving party at a deposition**

Subject to the terms of this Order, Protected Information may be disclosed by a receiving party in a deposition, to the extent that its use is necessary, only at the depositions of:

    i.  current directors or officers of the designating party;

Myers Andras Sherman LLP
McQueen & Ashman LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

6
PROTECTIVE ORDER

      ii. current employees of the designating party, to the extent such persons would be entitled to receive such information pursuant to the designating party's internal policies respecting confidentiality;

      iii. any person identified as a witness pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure by the designating party;

      iv. any person employed by any affiliate company of either party or employed by any non-affiliate company which has a business relationship with either party, which person has prior knowledge of the Protected Information or has access to such Protected Information as part of their normal duties and responsibilities;

      v. an author, addressee, or other person indicated on the face of the document as a lawful recipient of the document containing Protected Information;

      vi. a person clearly identified in prior discovery or by the deponent in their deposition as an author or recipient of the document containing Protected Information (without prior disclosure of the specific Protected Information);

      vii. an independent consultant, expert, or advisor or other person who has been authorized under this Order to receive such information; or

      viii. any person for whom prior authorization is obtained from the designating party or the Court.

### I. Initial failure to designate Information

The initial failure of a party to designate Protected Information as "CONFIDENTIAL" in accordance with this Order shall not preclude any party, at a later date, from so designating the documents and to require such documents to be treated in accordance with such designation from that time forward. If such Protected Information has previously been disclosed to persons no longer qualified after such designation, the disclosing party shall take reasonable efforts to obtain all

MYERS ANDRAS SHERMAN LLP
MCQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

7

**PROTECTIVE ORDER**

1  such previously disclosed Protected Information, advise such persons of the claim
2  of confidentiality, and have such persons execute the Non-Disclosure Agreement
3  attached hereto as Exhibit A. Disclosure of the information prior to its designation
4  as Protected Information is not a violation of this Order.

5  **J.  Inadvertent production of privileged Information**

6  If a producing party inadvertently discloses to a receiving party information
7  that is privileged, said producing party shall promptly upon discovery of such
8  disclosure so advise the receiving party in writing and request that the item(s) of
9  information be returned, and no party to this action shall thereafter assert that such
10 disclosure waived any privilege. It is further agreed that the receiving party will
11 return such inadvertently produced item(s) of information and all copies thereof
12 within ten (10) days of receiving a written request for the return of such item(s) of
13 information.

14 **K.  Filing documents with the Court**

15 All information designated as Protected Information sought to be filed or
16 lodged with the Court, or any pleading or memorandum purporting to reproduce or
17 paraphrase such information, shall be filed or lodged in accordance with Local Rule
18 79-5.1 and the orders and procedures of the Judge and Magistrate Judge on this
19 case, along with an application to the Court or, where applicable, a stipulation,
20 requesting such Protected Information be filed under seal. In the event that the
21 Court denies an application or stipulation to file under seal on the merits thereof
22 because the Court has determined that the subject information, in whole or in part,
23 is not entitled to confidential treatment and the party seeking such application has
24 exhausted appellate rights from such a decision, the subject information, as re-
25 designated in whole or in part, shall no longer be entitled to any confidential
26 treatment and need not be filed under seal but may be filed and used in like manner
27 as any document that is not subject to a confidential designation.
28 \\

MYERS ANDRAS SHERMAN LLP
McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

8
PROTECTIVE ORDER

**L. No effect on party's own use**

Nothing contained in this Order shall affect the right of a party to disclose to its officers, directors, employees, partners, or consultants or to use as it desires any Protected Information designated and produced by it as "CONFIDENTIAL".

**M. No effect on rendering legal advice**

Nothing in this Order shall bar or otherwise prevent any attorney herein from rendering advice to his or her client with respect to this litigation, and in the course thereof, from relying upon his or her examination or knowledge of Protected Information; provided, however, that in rendering such advice and in otherwise communicating with his or her client, such attorney shall not disclose the contents of any Protected Information produced by another party herein to any person who is not authorized to receive such information under the provisions of this Order.

**N. No effect on disclosure to author or addressees**

Nothing contained in this Order shall affect the right of a party to disclose any Protected Information designated as "CONFIDENTIAL" to the author or addressees of the document.

**O. No applicability to independently obtained or public information**

No party shall be bound by this Order as to any information:

    i. that is lawfully obtained independent of this litigation; or

    ii. that is generally known to the public, provided that such information was not obtained or made public in violation of this or any other obligation of confidentiality.

**P. Final disposition of action**

Within sixty (60) days upon the final disposition of this action and exhaustion of all appellate rights by all parties, each counsel of record shall promptly return to counsel of record for the designating party all Protected Information and all copies made thereof, or at the designating party's option the

MYERS ANDRAS SHERMAN LLP
McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

9

PROTECTIVE ORDER

1 receiving party can destroy all such documents. Notwithstanding the foregoing,
2 each counsel of record shall be permitted to retain one copy of all pleadings
3 submitted to the Court, deposition transcripts and exhibits thereto, and attorney
4 notes, irrespective of whether they contain Protected Information, but such attorney
5 shall not disclose such material without further Order of this Court.

### Q. Effect on discovery

This Order shall not preclude or limit the right of any party to oppose discovery on any ground which would otherwise be available.

### R. Survival of terms

Absent written modification of this Order by the parties or further order of the Court, the provisions of this Order that restrict the disclosure and use of Protected Information shall survive the final disposition of this action and continue to be binding on all persons subject to the terms of this Order.

Dated: May 12, 2010   MYERS ANDRAS SHERMAN, LLP
McQUEEN & ASHMAN, LLP

_____
James A. McQueen (State Bar #117111)
Attorneys for Plaintiff
AMERICAN DJ SUPPLY, INC.

Dated: May   , 2010   LAW OFFICE OF BIN LI & ASSOCIATES

_____
Bin Li (State Bar #223126)
Maurice S. Newman (State Bar #118023)
Attorneys for Defendants

10
**PROTECTIVE ORDER**

V2GO TECHNOLOGY CORPORATION,
AMERICAN AUDIO LABORATORY, INC

Dated: May 11, 2010     FOLEY & LARDNER LLP

*Laura Chapman*

Laura L. Chapman (State Bar # 167249)
Attorney for Defendant
WAL-MART STORES, INC.

Dated: May 11, 2010     SULLIVAN JOHNSON LLP

*Daniel A. Johnson*

Daniel A. Johnson (State Bar # 130724)
Attorney for Defendant
LASER KARAOKE, INC., dba KARAOKE WAREHOUSE, aka KARAOKE JUKEBOX, aka KARAOKEWH.COM

11

**PROTECTIVE ORDER**

1 **[PROPOSED] PROTECTIVE ORDER**

2 Based upon the stipulation of the parties and good cause having been shown,

3 IT IS SO ORDERED, as amended at paras. II E + F.

4

5

6 Dated: 5/17/10 _____

7 U.S. MAGISTRATE JUDGE

8

9

10 ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

11

12

...

28

MYERS ANDRAS SHERMAN LLP
McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

# EXHIBIT A

MYERS ANDRAS SHERMAN LLP
MCQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

EXHIBIT A

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, _____, hereby certify under oath that:

1. I am currently employed by _____, and my position with them is _____;

2. I have read and I understand the terms of the Stipulated Protective Order ("Order") entered in the matter of American DJ Supply, Inc., Plaintiff, v. V2Go Technology Corporation, et al., Defendants, in the United States District Court, Central District of California, Civil Action No. CV10-00299 RSWL (RCx), that I will not disclose to anyone the contents of any Protected Information received under the protection of the Order, and that I am to be bound by the terms and conditions of the Order.

3. I understand that I am to retain all copies of the materials that I receive which have been designated as Protected Information in a safe place in a manner consistent with the Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned or destroyed as specified in the Order. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

Executed on this day _____ of _____, 2010 under penalties of perjury under the laws of the United States of America.

Signed: _____

Printed Name: _____

MYERS ANDRAS SHERMAN LLP
McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612