O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| American DJ Supply, a California corporation,<br><br>                  Plaintiff,<br><br>    v.<br><br>V2GO Technology Corporation, an entity of unknown form, American Audio Laboratory, Inc., an entity of unknown form; et. al.,<br><br>                  Defendants. | CV 10-0299 RSWL (JEMx)<br><br>**ORDER Re: Plaintiff's Motion for an Order Striking the Answer and Counterclaims of Defendant American Audio Laboratory, Inc. [102]** and Entry of Default |

    Currently before the Court is Plaintiff American DJ Supply Inc.'s ("Plaintiff") Motion for an Order Striking Defendant American Audio Laboratory, Inc.'s ("Defendant American Audio") Answer and Counterclaims [102]. Having considered all the papers and arguments submitted in connection with this Motion, **THE COURT NOW RULES AS FOLLOWS:**

    The Court hereby **GRANTS** Plaintiff's Motion for an Order Striking Defendant American Audio's Answer and Counterclaims.

1    The Court finds that good cause exists to strike Defendant American Audio's Answer and Counterclaims pursuant to Central District Local Rules.  Under Central District Local Rule 83-2.10.1, a corporation cannot appear in any action *pro se*.  Even if a defendant corporation has filed its answer, if it fails to retain counsel its answer may be stricken.  <u>Rojas v. Hawgs Seafood Bar, Inc.</u>, No. 08-03819, 2009 U.S. Dist. LEXIS 41435, at *1 (N.D. Cal. May 4, 2009).

   The Court finds that Defendant American Audio failed to retain counsel as required by Central District Local Rule 83-2.1.10.  Defendant American Audio has been without counsel since the Court granted Defendant American Audio's prior counsel, Maurice Newman's, motion to withdraw as attorney of record on December 6, 2011 [96].  Furthermore, Defendant American Audio has not indicated that it intends to obtain new counsel and has not provided the Court with current contact information.  All recent attempts made by the Court and Plaintiff to communicate with Defendant American Audio have failed because all correspondence mailed to the address Defendant American Audio provided has been returned.  Specifically, Plaintiff mailed this Motion to the address provided by Defendant American Audio and it was returned [103]. Additionally, Plaintiff provided Notice of Defendant American Audio's non-response to the Motion [103].

   The Court **GRANTS** Plaintiff's Motion for an Order

Striking Defendant American Audio's Answer and Counterclaims because of Defendant American Audio's failure to retain counsel as required by Central District Local Rule 83-2.1.10.  Accordingly, the Court hereby strikes Defendant American Audio's Answer and Counterclaim [9, 12].  Because Defendant American Audio's Answer has been stricken from the docket, the Court finds that default is appropriate and hereby enters default against Defendant American Audio pursuant to Federal Rule of Civil Procedure 55(a).

At this time, all Defendants in this case have been terminated with the exception of Defendants American Audio and V2GO Technology Corporation ("Defendant V2GO").  Defendant V2GO filed a Notice of Automatic Bankruptcy Stay on February 25, 2011 [60].  However, Defendant V2GO's bankruptcy case was closed December 9, 2011.  Order Closing Case, No. 2:11-bk-18108-BB (Bankr. C.D. Cal. Aug. 10, 2011).  Thus, the bankruptcy stay against Defendant V2GO is lifted.  Further action must be taken by Plaintiff in order to pursue prosecution against Defendant V2GO.

**IT IS SO ORDERED.**

DATED: June 19, 2012

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

3